In The United States District Court
For The District of Kansas

FILED
U.S. District Court
District of Kansas

MAY 15 2026

Clerk, U.S. District Court
By_____ Deputy Clerk

Rasheed M Gooves-Early )
                Plaintiff )
                          )
                          )
                          )
                          )
    vs                    )
Major Wade ; Captain Smith ;
Sgt Edwards ; Sheriff Calvin
Hayden )

2:26-CV-2287-EFM-ADM

Civil Rights
Complaint 42 U.S.C. 1983

Major Wade
Serve at: 588 E Santa Fe
 Olathe, Kansas 66061
                    Suite
                    #2000

Captain Smith
Serve at: 588 E Santa Fe
 Olathe, Kansas 66061 Suite #2000

Sheriff Calvin Hayden
Serve at: 588 E Santa Fe
 Olathe, Kansas 66061  Suite #2000

Sgt Edwards
Serve at: 588 E Santa Fe
 Olathe, Kansas 66061

2:26-cv-2287-EFM-ADM

## Complaint

I allege the following as my causes of action against the defendants.

### Preliminary Statement and Introduction

1. This civil rights action is being brought by myself, Rasheed M. Graves-Early, seeking monetary and compensatory damages for civil rights guaranteed by the first and the fourteenth amendments of the United States.

2. Specifically, I am seeking damages for defendants deliberate indifference to my rights and their reckless and intentional actions that violated my civil rights, deprived me of my liberty, and caused permanent physical and mental injuries.

### Parties

3. I am a Kansas resident living at the listed address. I am not incarcerated.

4. The individual defendants are sheriffs deputies in the state of Kansas who were employed by the Johnson County Kansas Sheriffs office. Kansas law clearly establishes the sheriff as the official in charge of the county jail.

### Jurisdiction and Venue

6. Jurisdiction is conferred by 28 U.S.C. § 1331, and by 28 U.S.C. § 1343(a)(3)

7. My actions for damages are authorized by:

   a. 42 U.S.C. § 1983;
   b. 42 U.S.C. § 1988;
   c. The first and fourteenth amendments of the United States Constitution; and

8. Venue is proper in the United States District Court of Kansas under 28 U.S.C. § 1391 (a)(2), since the events giving rise to my claims occurred in Olathe and New Century Kansas.

### Facts

9. All relevant acts occurred in Olathe and New Century, Johnson County, Kansas.

10. At all relevant times, The Johnson County Sheriffs office (Sheriff) had responsibility for the Johnson County Detention Center and the deputies it employed. The sheriff and the detention centers ranking officers had the full responsibility for managing the jail, including hiring, promoting, training, supervising, disciplining, and firing employees.

11. Major Wade, Captain Smith, and Sheriff Hayden had supervisory authority over defendant Sgt. Edward. Defendants Captain Smith and Sgt Edwards had responsibility for performing functions as sheriffs deputies for the county and were acting within the course and scope of their employment.

12. All of defendants actions and/or omissions took place pursuant to, and acting upon, the policies, practices, procedures, patterns, decisions, instructions, orders, and customs of the sheriffs office. The defendants are liable for damages caused by defendants intentional, wrongful, and/or reckless acts/or omissions while the individual defendants were acting within the course and scope of their employment. This all took place under circumstances where governmental entities and individual

officers are liable. Defendants liability is based upon conduct that demonstrates patterns of behavior and deliberate indifference to the issues raised and to the rights of citizens. These defendants caused the deprivation of rights, privileges, and immunities secured by the federal and state constitutions, as well as federal and state laws, through the following conduct:

a. Inadequate training and instruction of employees on the proper use of police power, detentions, arrest, investigations, and testifying;
b. Inadequate supervision of employees use of police power, detentions, arrest, investigations, and testifying;
c. Inadequate discipline of employees who improperly use police power, detain, arrest, investigate, and testify;
d. Inadequate supervision of hiring and firing causing employment and retention of individuals who improperly use police power, detain, arrest, investigate, and testify;
e. Abuse of police power and arrest power on citizens, inadequate investigation, and improper conduct;
f. Filing false reports and affidavits and testifying falsely;
g. Acquiescence in the actions and omissions described throughout this pleading;

h. Failure to avoid and failure to investigate and remedy abusive treatment of citizens, and/or the filing of false reports, affidavits, and/or supplying false testimony;

i. Failure to take remedial action against a known pattern of misconduct by officers;

j. Failure to take steps to prevent a known risk of misuse of pretrial detention, false reports, and improper use of police power;

k. Tolerance of misconduct regarding misuse of pretrial detention, improper use of police power; false reports and testimony.

l. Deliberate indifference and conscious disregard for a high risk that the officers would misuse pretrial detention, false reports and testimony.

m. Other violations and/or failures that will be the subject of discovery during the course of this case.

13. The defendants actions, omissions, policies, practices, procedures, patterns, decisions, instructions, orders, and customs caused the constitutional and other violations described in this pleading. Defendants acted together in a joint venture, were joint tortfeasors, and are jointly and severely liable to for my injuries.

14. The defendants conduct violated clearly established federal and state rights (both constitutional and statutory) under federal and state law of which every reasonably officials in defendants respective positions would have, or should have, been aware. No objectively reasonable person could rely on existing law to justify the violations.

15. Defendants breached their duties, and those breaches proximately and actually caused or contributed to cause my injuries, damages, and suffering. Defendants should have foreseen the danger, Specifically the risks that were likely enough to happen that a reasonably prudent person would take them into account and then act to prevent them.

16. Defendants failed to warn and failed to take reasonable steps to protect my rights. There were special duties owed to me because of the procedures used and also the law enforcement actions and inactions described in this pleading.

### The Initial Housing Assignment

17. On May 15, 2024 I was assigned to the pre-classification unit at the Johnson County Detention Center in Olathe Kansas. While in the pre-classification unit, and awaiting classification assignment, I was confined in a single man cell for 22 hours a day and allowed 2 hours of communal recreational periods each day with 10 other inmates whose custody status was also undetermined.

18. On or about May 17, 2024, Classification officer, Deputy Johnson, entered my cell and conducted a questionnaire, after which he advised that I would be classified as maximum custody. While housed in a maximum custody module, I was confined in a single man cell for 22 hours a day and allowed only 2 hours of communal recreational periods each day with 23 other inmates.

### Request to be moved to less restrictive Housing unit

19. On or about May 27, 2024 I submitted an inmate request for an override to a least restrictive module. An override allows for detention staff to reassign inmates to less restrictive housing units with greater privileges at their discretion. Inmates in medium security modules inhabit communal cells and receive 6 to 8 hours out-of-cell rec time. I stated that I had previously been reassigned to a medium custody module, on two different occasions, while in custody for the case that was being litigated. The current circumstances were no different from those under which I had previously been reassigned.  Deputy Chandler responded to my request and advised that my request would be placed in my file for consideration during my 30 day custody assessment.

20. On or about June 1, 2024, I requested another override to a less restrictive housing unit. Defendant Sgt. Edwards responded. He stated that I would remain in max housing unless my charges get reduced. He stated that I could earn an override with good behavior and suggested I put in a request 2 weeks prior to my next review.

### Grievances

21. On or about June 2, 2024, I submitted an inmate classification grievance to grieve the restrictive conditions of confinement. Specifically, I argued that the restrictive conditions amounted to impermissible punishment and referenced the standard set in Bell v. Wolfish. My grievance was subsequently denied for a technical reason; namely, the grieving of multiple topics in one grievance.

22. On June 13, 2024 Deputy Schultz conducted a 30 day classification review. He informed me that I would remain in max housing indefinitely as punishment for receiving a minor non-violent citation for littering. After I argued that it was unfair to retain me in max housing for that citation, which was pending appeal, he stated that I would remain in max housing regardless if the citation was subsequently dismissed. My custody status was not reviewed again after this meeting.

### Defendants admit that the Conditions are unlawfully punitive

23. On August 13, 2024, at 9:24 a.m I submitted grievance 5336 (SJM Ref #20, 830, 430). Again, I argued that the conditions of confinement in max amounted to unlawful punishment. I stated that there have been no allegations that I pose a threat to safety or security. I stated that I had been experiencing

mental health issues due to being confined to a cell for 22 hours a day. Sgt. Edwards responded and stated that I could earn a custody override with "good behavior".

24. On September 28, 2024, at 9:30 a.m I submitted classification request #21,404,025. I requested to have an officer explain how the restrictive conditions in max and super-max modules accomplished the non-punitive legitimate governmental goal of assuring safety and security when compared to the less restrictive conditions in medium and minimum custody housing units. Master Deputy Chandler responded on 9/28/2024 at 10:24 p.m and stated safety and security is maintained through the use of more restrictive housing conditions.

25. On October 10, 2024, at 9:29 a.m Sgt. Edwards responded to staff grievance # 5768 (SJM Ref #21,564,537) in which I stated that I referenced emails which contained my classifications grievances that was submitted to defendants Calvin Hayden and Major Wade. Sgt. Edwards referenced two cases (Marshall v. Morton and Sosa v. Goddard) which dealt with convicted prisoners in support of the position that the restrictive conditions complained of were lawful in pretrial detention.

 Sgt Edwards stated "You state that you have submitted grievances to Sheriff Hayden and Major Wade. We do not have record of you submitting these grievances. If you have them, can you please produce them for us to review."

26.On October 11, 2024 at 8:24 p.m, I responded and stated "I currently have in my possession a typed (not handwritten) grievance containing the heading "Administrative Grievance (Pretrial Confinement-Johnson County Adult Detention Center) available for review as requested by Sgt. Edwards. I appreciate your concern and good faith effort to get this issue resolved. My Grievance was also submitted to the courts and filed with the clerk of the courts." A deputy faxed my grievance to all parties on my behalf after reading Sgt Edwards request on the inmate kiosk. The grievance was also submitted to the courts and accessible by all parties.

Several other inmates and I submitted an administrative grievance to the courts (I submitted one to Judge C. Dunn-Gyllenborg) to advise Johnson County District Court Judges and prosecutors that the conditions at the jail were unlawfully punitive and being used to extort guilty pleas from detainees.

27. On October 17, 2024, Defendant Captain Smith responded to several of my grievances, which included the grievance submitted to the courts. He referenced the following grievances:

> "From 09/14/2024 through 10/13/2024, you have submitted the following request and grievances regarding your classification level and housing location:
> - 09/14/2024-Classification request Ref#21,229,454
> - 09/14/2024-Grievance          Ref# 21,233,439
> - 09/17/2024-Grievance          Ref# 21,273,088
> - 09/28/2024-Classifications     Ref# 21,404,025
> - 10/09/2024-Grievance          Ref# 21,561,401
> - 10/10/2024-Grievance          Ref# 21,564,537
> - 10/11/2024- Grievance          Ref# 21,587,537
> - 10/12/2024-Grievance          Ref# 21,590,153
> - 10/13/2024-Grievance          Ref# 21,607,497

28. Captain Smith also referenced the grievance that was submitted to Sheriff Hayden, Major Wade, and JOCO district court judges and prosecutors.

29. In his grievance response, Captain Smith stated, in pertinent part, "Multiple classification levels and housing areas, along with different levels of privileges associated to those classification levels, are methods of maintaining the facility's safety and security. The enhanced privileges associated with the different classification levels encourage inmates to modify their behavior and comply with facility guidelines, to obtain a classification level with enhanced privileges. Based on the current classification process utilized, the main factor an inmate can control in this process is their behavior and compliance with facility rules."

30. I responded to Captain Smith's grievance and informed him that in his response he had admitted to unlawfully punishing pretrial detainees, as "deterrence" does not qualify as a non punitive legitimate governmental interest because deterrence, by definition, relies on the threat or application of punishment to discourage unwanted behavior. Again, I referenced Bell v. Wolfish in the grievance to support my arguments.

31. After I filed these grievances, defendants retaliated against me by retaining me in max housing. I remained in Max housing until discharged from custody on December 10,2024

### Claims

32. I'm seeking damages against the officers involved and the governmental entities involved for:

   a. committing acts under color of law, which deprived me of rights secured under the Constitution and laws of the United States and the State of Kansas;
   b. refusing or neglecting to prevent such deprivations and denials;
   c. punishing me prior to an adjudication of guilt;
   d. conspiring to violate my constitutional rights;
   e. causing or contributing to cause physical and emotional injury to me;
   f. their wrongful, intentional, and/ or reckless conduct.

33. Defendants are further liable for their failures to train, instruct, supervise, control and discipline the individual law enforcement officers and on a continuing basis. These failures were the result of official policy and/ or the practices, procedures, patterns, decisions, instructions, orders, and customs of the County. The Sheriff was deliberately indifferent to the rights of its citizens, and particularly to me.

34. The defendants conduct caused the deprivation of my rights under the United States Constitution, the laws of the United States, and the laws of the State of Kansas.

35. As a direct and proximate result of defendants' unlawful and malicious conduct committed under color of law and under each individual's authority as a law enforcement officer, I suffered injuries. Acting under color of state law, the defendants deprived me of my right to be free from punishment prior to an adjudication of guilt and the right to free speech, in violation of the Fourteenth and First Amendments to the Constitution of the United States, the laws of the United States including 42 U.S.C. § 1983.

36. I was subjected to various deprivations because of the actions and omissions cited above. Specifically, I was deprived of rights, privileges, and immunities recited throughout this pleading, including:

> a. the customs and usages of the State of Kansas;
> b. rights, privileges, and immunities secured by the Constitution and laws of the United States of America;
> c. the right to due process guaranteed by the Fourteenth Amendment to the United States Constitution;
> d. the right to free speech, as guaranteed by the first amendment to the United States Constitution;
> e. equal protection of the law and equal privileges under the law, guaranteed by the Fourteenth Amendment to the United States Constitution and similar provisions of the constitution of Kansas.

<u>Actual Damages</u>

37. I suffered injuries and damages as a proximate result of the actions and omissions of defendants. I specifically suffered deprivation of federal and state constitutional rights, as well as loss of freedom, bodily injury and pain, emotional pain, worry, suffering, inconvenience, humiliation, and anxiety, freight, nervousness, indignity, embarrassment, insult, and loss of enjoyment of life.

38. The damages enumerated in this pleading include, but are not limited to, the following:

> a. Pain and suffering I endured;
> b. Expenses for the care I required by the injury;
> c. Litigation expenses and attorneys fee's;
> d. Pecuniary losses suffered by reason of the injury, including lost wages.

<u>Exemplary Damages</u>

All of the acts of defendants were willful, wanton, reckless, and malicious, and further showed a complete and deliberate indifference to, and conscious disregard for my safety and rights. Therefore, I am entitled to an award of exemplary damages against the individual defendants acting in their individual capacities.

## Count 1- 42 U.S.C 1983- Violations of the Constitution of the United States, the Constitution of the State of Kansas, by violation of substantive due process rights (Defendants Wade, Hayden, Smith, and Edwards)

39. The proceeding paragraphs are incorporated by reference.

40. The actions of the defendants, taken under color of law, caused deprivation of rights, privileges, and immunities secured by the constitution and laws of the United States in violation of <u>42 U.S.C. § 1983.</u>

41. Defendants actions and omissions were intentional and/ or wrongful and/ or reckless.

42. The defendants acts and omissions constituted a violation of the 14th amendment, and other provisions in the Constitution of Kansas. Specifically, I allege that there was punishment for a charged offense prior to an adjudication of guilt and deprivation of liberty without due process, all in violation of the listed constitutional provisions. The defendants violated my right to free from punishment prior to an adjudication of guilt and sufficiently frequent and meaningful reviews of restrictive confinement.

43. I specifically allege that I am entitled to damages as a direct and proximate result of the defendants acts and omissions.

44. Defendants breached their duties, and those breaches proximately and actually caused or contributed to cause my injuries. There was a special relationship between the defendants and I. Defendants should have foreseen the danger their acts and omissions presented in terms of a common-sense perception of the risks involved in the situation and specifically the risk that were likely enough to happen that a reasonably prudent person would take them into account.

45. The defendants acts and omissions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for my safety and rights. I am thus entitled to awards of exemplary damages against the individual defendants in their individual capacities.

46. I seek attorney fees and expenses pursuant to 42 U.S.C 1988.
**WHEREFORE,** Plaintiff prays that this court enter a joint and several judgment under count 1 against all defendants, specifically granting the following relief:

> a. An injuction against any similar actions ever being taken by defendants or any of their employees/personnel at any time hereafter, and specifically an injunction requiring defendant Johnson County Sheriff in his official capacity (County) to take immediate steps so as to provide all necessary training, supervision, and policies required to prevent injuries to other innocent citizens;
>
> b. An award of fair and reasonable compensatory damages;
>
> c. An award of exemplary damages against the individual defendants acting in their individual capacities;
>
> d. An award of reasonable attorney's fees and expenses to counsel hired to represent me in these matters;
>
> e. Such other orders as the Court deems just and proper.

### Count 2- *Monell Claim under 42 U.S.C 1983 (Defendant Johnson County Sheriff Hayden in his official capacity)*

47. The Sheriff had in effect both before and at the time of the events alleged in this Complaint, interrelated de facto policies, practices, procedures, patterns, decisions, instructions, orders and customs related to classification and treatment of max and super-max detainees, and using restrictive conditions to retaliate against detainees for engaging in constitutionally protected activity, which operated to deprive me of my constitutional rights. 48. In Cox v Denning, No. 15-3267 (10th Cir. 2016), Mr. Cox alleged that defendants(Previous Johnson County Sheriff Frank Denning and JOCO deputies) retaliated against him for filing grievances. The district court determined that Mr. Cox's transfer to Max from medium for filing a grievance would chill a person of ordinary firmness from continuing to file

grievances. Mr. Cox's case is one example of a policy or custom of using restrictive conditions for retaliatory purposes. Discovery will reveal more evidence.

49. The Sheriff is accountable under 42 U.S.C. 1983 because it established policies, practices, procedures, patterns, decisions, instructions, orders and customs that were intended to and did encourage, endorse and permit their agents and employees to violate the constitutional rights of other similarly situated persons and I. At a minimum, the Sheriff was deliberately indifferent and/ or recklessly indifferent to such constitutional violations.

50. The unconstitutional policies, practices, procedures, procedures, patterns, decisions, instructions, orders and customs of the Sheriff include, but are not limited to, the specific failures identified throughout this pleading.

51. The Sheriff acquired and used the policies, practices, procedures, patterns, decisions, instructions, orders and customs described above before and during the interaction with me.

52. These policies, practices, procedures, patterns, decisions, instructions, orders and customs as described above, were implemented intentionally and/ or recklessly, and deprived citizens, including myself, of their constitutional rights and were a direct and proximate cause of the Constitutional violations and my injuries.

53. I specifically allege that I am entitled to damages as a direct and proximate result of the acts of defendants, all as set out herein. Defendants acted directly to create the deprivations of all of the alleged federal and state constitutional rights.

54. Defendants breached their duties, and those breaches proximately and actually caused my injuries. There was a special relationship between the defendants and I. Defendants should have foreseen the danger to me in terms of common-sense perception of the risk involved in the situation and specifically the risks that were likely enough to happen that a reasonably prudent person would take them into account.

55. All of the acts of the defendants were willful, wanton, reckless, and malicious, and further showed a complete and deliberate indifference to, and conscious disregard for, my safety and rights. Therefore, I am entitled to awards of exemplary damages against the individual defendants in their individual capacities.

56. I seek attorney's fees and expenses pursuant to 42 U.S.C 1988.
WHEREFORE, I pray that this Court enter a joint and several judgment under Count 2 against the defendants, specifically granting the following relief:

      a.    An injunction against any similar actions ever being taken by defendants or any of their employees/personnel at any time hereafter, and specifically an injunction requiring the Sheriff to take immediate steps so as to provide all necessary training, supervision, and policies required to prevent harm to other innocent citizens.
      b.    An award of fair and reasonable actual compensatory damages;

c.    An award of exemplary damages against the individual defendants acting in their individual capacities;

d.    An award of reasonable attorney's fees and expenses to the attorney who will be hired to represent me in these matters;

e.    Such other orders as the Court deems just and proper.

## Count 3- Violation of the Equal Protection Clause

## (Fourteenth Amendment Claim under 42. U.S.C 1983)(Defendants Wade, Hayden, Smith and Edwards in both their official and individual capacities)

57. The proceeding paragraphs are incorporated by reference.

58. The actions of the defendants, taken under color of law, caused deprivation of rights, privileges, and immunities secured by the constitution and laws of the United States in violation of 42 U.S.C. § 1983.

59. Defendants actions and omissions were intentional and/ or wrongful and/ or reckless.

60. The defendants acts and omissions constituted a violation of the 14th amendment, and other provisions in the Constitution of Kansas. Specifically, I allege that I was treated differently to similarly situated inmates in medium and minimum custody housing who were charged with similar or worse crimes, had identical institutional and criminal history, and that there was no rational reason for the disparity.

61. I specifically allege that I am entitled to damages as a direct and proximate result of the defendants acts and omissions.

62. Defendants breached their duties, and those breaches proximately and actually caused or contributed to cause my injuries. There was a special relationship between the defendants and I. Defendants should have foreseen the danger their acts and omissions presented in terms of a common-sense perception of the risks involved in the situation and specifically the risk that were likely enough to happen that a reasonably prudent person would take them into account.

63. The defendants acts and omissions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for my safety and rights. I am thus entitled to awards of exemplary damages against the individual defendants in their individual capacities.

64. I seek attorney fees and expenses pursuant to 42 U.S.C 1988.

WHEREFORE, Plaintiff prays that this court enter a joint and several judgement under count 1 against all defendants, specifically granting the following relief:

a.    An injunction against any similar actions ever being taken by defendants or any of their employees/personnel at any time hereafter, and specifically an injunction requiring defendant Johnson County Sheriff in his official capacity (County) to take immediate steps so

as to provide all necessary training, supervision, and policies required to prevent injuries to other innocent citizens;

b.    An award of fair and reasonable compensatory damages;

c.    An award of exemplary damages against the individual defendants acting in their individual capacities;

d.    An award of reasonable attorney's fees and expenses to counsel hired to represent me in these matters;

e.    Such other orders as the Court deems just and proper.

### Count 4-42 U.S.C 1983 Retaliation
### (Violation of the First Amendment of the United States Constitution and the Constitution of the state of Kansas)(Defendants Edwards, Wade, Smith, and Hayden, in both their individual and official capacities)

65. The proceeding paragraphs are incorporated by reference.

66. The actions of the defendants, taken under color of law, caused deprivation of rights, privileges, and immunities secured by the constitution and laws of the United States in violation of 42 U.S.C. § 1983.

67. Defendants actions and omissions were intentional and/ or wrongful and/ or reckless.

      61. The defendants acts and omissions constituted a violation of the 1st Amendment, and other provisions in the Constitution of Kansas. Specifically, I allege that defendants Edwards, Smith and Wade retaliated against me for filing staff and classification grievances by retaining me in restrictive housing. Defendant Hayden retaliated against me by failing to change the classification policy when I informed him that it was unlawfully punitive.

68. I specifically allege that I am entitled to damages as a direct and proximate result of the defendants acts and omissions.

69. Defendants breached their duties, and those breaches proximately and actually caused or contributed to cause my injuries. There was a special relationship between the defendants and I. Defendants should have foreseen the danger their acts and omissions presented in terms of a common-sense perception of the risks involved in the situation and specifically the risk that were likely enough to happen that a reasonably prudent person would take them into account.

70. The defendants acts and omissions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for my safety and rights. I am thus entitled to awards of exemplary damages against the individual defendants in their individual capacities.

71. I seek attorney fees and expenses pursuant to 42 U.S.C 1988.

**WHEREFORE,** Plaintiff prays that this court enter a joint and several judgment under count 1 against all defendants, specifically granting the following relief:

    a.    An injunction against any similar actions ever being taken by defendants or any of their employees/personnel at any time hereafter, and specifically an injunction requiring defendant Johnson County Sheriff in his official capacity (County) to take immediate steps so

as to provide all necessary training, supervision, and policies required to prevent injuries to other innocent citizens;

b.    An award of fair and reasonable compensatory damages;

c.    An award of exemplary damages against the individual defendants acting in their individual capacities;

d.    An award of reasonable attorney's fees and expenses to counsel hired to represent me in these matters;

e.    Such other orders as the Court deems just and proper.

## Count 5- Civil Conspiracy
## (Defendants Edwards, Wade, Smith, and Hayden, in both their individual and official capacities)

72. I adopt by reference all allegations contained in the paragraphs above as if fully set forth herein.

73. Defendants in combination committed a lawful act by unlawful means, as per the required elements of civil conspiracy, when they agreed with Johnson County District Attorneys and Judges to confine more than half of the inmate population at JCADC under unlawfully punitive conditions as a means of extorting guilty pleas from detainees and justifying the ticket for 2 detention centers (economic gain).

74. By using the restrictive conditions, which are unprecedented, as a means of coercing detainees to accept guilty pleas, the state is able save millions by not having to pay for a jury trials. Several JOCO district court judges and prosecutors received grievances from inmates complaining about the unlawfully punitive conditions at the jail and how they were being used as coercive pressure, but did nothing to address it. Defendants acknowledged they received and reviewed the same grievances that were submitted to the courts.

75. I specifically allege that I am entitled to damages as a direct and proximate result of the defendants acts and omissions.

76. Defendants breached their duties, and those breaches proximately and actually caused or contributed to cause my injuries. There was a special relationship between the defendants and I. Defendants should have foreseen the danger their acts and omissions presented in terms of a common-sense perception of the risks involved in the situation and specifically the risk that were likely enough to happen that a reasonably prudent person would take them into account.

77. The defendants acts and omissions were willful, wanton, reckless, and malicious, and further show a complete and deliberate indifference to, and conscious disregard for my safety and rights. I am thus entitled to awards of exemplary damages against the individual defendants in their individual capacities.

78. I seek attorney fees and expenses pursuant to 42 U.S.C 1988.

WHEREFORE, Plaintiff prays that this court enter a joint and several judgment under count 1 against all defendants, specifically granting the following relief:

a.    An injunction against any similar actions ever being taken by defendants or any of their employees/personnel at any time hereafter, and specifically an injunction requiring

defendant Johnson County Sheriff in his official capacity (County) to take immediate steps so as to provide all necessary training, supervision, and policies required to prevent injuries to other innocent citizens;

b.　An award of fair and reasonable compensatory damages;

c.　An award of exemplary damages against the individual defendants acting in their individual capacities;

d.　An award of reasonable attorney's fees and expenses to counsel hired to represent me in these matters;

e.　Such other orders as the Court deems just and proper.

### Demand for Jury Trial

I respectfully demand a jury trial on all issue raised.

### Designation of place of trial

I respectfully designate Kansas City, Kansas (Wyandotte County) as the place of trial.

May 15, 2026